**United States District Court**
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | Case No. 12-00833-SC |
| Plaintiffs, | ORDER DENYING MOTION TO <u>DISMISS</u> |
| v. | |
| MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, | |
| Defendants. | |

9

10

11

12

13

14

15

16

17  **I.    INTRODUCTION**

18       Now before the Court is Defendants Michael Chang and Roxanne

19  Chang's (collectively, the "Changs") Motion to Dismiss Great

20  American Insurance Company and Great American Insurance Company of

21  New York's (collectively, "Great American") First Amended Complaint

22  ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF

23  No. 19 ("MTD").  Great American filed an opposition to the Motion,

24

_____

25  [1] The Changs also ostensibly move under Federal Rule of Civil
Procedure 12(b)(1).  MTD at 1-2.  Though Rule 12(b)(1) pertains to
26  subject-matter jurisdiction, the Changs do not mention the issue
once in their moving papers.  The Court finds that the exercise of
27  subject-matter jurisdiction is appropriate here.  There is complete
diversity among the parties and the pleadings allege an amount in
28  controversy well in excess of $75,000.  <u>See</u> 28 U.S.C. § 1332.

**United States District Court**
For the Northern District of California

1   but the Changs declined to file a reply.  ECF No. 25 ("Opp'n").

2   Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

3   appropriate for determination without oral argument.  For the

4   reasons set forth herein, the Changs' Motion is DENIED.

5

6   **II.   BACKGROUND**

7        This case involves an insurance coverage dispute arising from

8   an underlying lawsuit filed against the Changs entitled Bilal

9   Kartal v. Michael Chang, et al., Case No. CIV 458146, San Mateo

10  Superior Court, and related cross-actions (the "Kartal Action").

11  ECF No. 16 ("FAC") ¶ 11.  The Kartal action concerns the alleged

12  contamination of a property owned by Michael Chang that is located

13  on Baldwin Avenue in San Mateo, California.  Id. ¶¶ 4, 6.  The

14  instant action also involves a related insurance dispute arising

15  from claims that Michael Chang asserted in a different litigation,

16  seeking to recover pollution and investigation costs from the

17  California Underground Storage Tank Fund.  Id. ¶ 11.

18       The Changs tendered claims to Great American for insurance

19  benefits under two policies issued by Great American between 1977

20  and 1983 (the "Great American Policies").  Id. ¶ 20.  Although

21  Great American is defending the Changs in the Kartal action under a

22  reservation of rights and has advanced other claimed amounts, also

23  under a reservation of rights, Great American alleges that it has

24  no duty to defend or indemnify the Changs.  Id. ¶¶ 12-19.

25  Specifically, Great American alleges that the Changs'

26  representatives sought to manufacture a defense obligation under

27  the Great American Policies with respect to the Kartal Action by

28  arranging for others to sue Michael Chang.  See, e.g., id. ¶ 55-81.

**United States District Court**
For the Northern District of California

1    Great American filed the instant action against the Changs in

2    February 2012.  ECF No. 1.  The FAC asserts a number of claims for

3    declaratory relief as well as a claim for breach of the Great

4    American Policies' "Cooperation Clause" and "No Voluntary Payment

5    Clause."  FAC ¶¶ 115-62.  Great American seeks a declaration that

6    it has no duty to defend or indemnify the Changs with respect to

7    the Kartal Action or other pollution claims involving the Baldwin

8    Avenue property.  Id. at 43-44 ("Prayer for Relief").  Great

9    American also seeks reimbursement of amounts paid in connection

10   with the Changs' claims.  Id.

11

12   **III.  LEGAL STANDARD**

13   A motion to dismiss under Federal Rule of Civil Procedure

14   12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

15   Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

16   on the lack of a cognizable legal theory or the absence of

17   sufficient facts alleged under a cognizable legal theory."

18   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

19   1988).  "When there are well-pleaded factual allegations, a court

20   should assume their veracity and then determine whether they

21   plausibly give rise to an entitlement to relief."  Ashcroft v.

22   Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

23   must accept as true all of the allegations contained in a complaint

24   is inapplicable to legal conclusions.  Threadbare recitals of the

25   elements of a cause of action, supported by mere conclusory

26   statements, do not suffice."  Id. at 663. (citing Bell Atl. Corp.

27   v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

28   complaint must be both "sufficiently detailed to give fair notice

3

**United States District Court**
For the Northern District of California

to the opposing party of the nature of the claim so that the party

may effectively defend against it" and "sufficiently plausible"

such that "it is not unfair to require the opposing party to be

subjected to the expense of discovery."  <u>Starr v. Baca</u>, 633 F.3d

1191, 1204 (9th Cir. 2011).

## IV.  DISCUSSION

The Changs' Motion is not an exemplar of legal argument.

Though the Changs move under Rule 12(b)(6), much of their motion is

devoted to affirmative defenses and factual matters which are

inappropriate for resolution on a motion to dismiss for failure to

state a claim.  Not only do the Changs improperly attempt to turn

the Court's attention from the FAC's allegations to purported

"facts" outside the pleadings, they do not support those "facts"

with any evidence.[2]  The Court addresses these deficiencies in more

detail below.

---

[2] The Changs' attorney, Gregg S. Garrison ("Garrison"), did file a
declaration in support of the Motion.  ECF No. 19-2 ("Garrison
Decl.").  However, the Garrison Declaration asserts absolutely no
facts.  Nor are there any documents attached to the declaration.
The full body of the Garrison Declaration is reproduced below:

> I, Gregg S. Garrison, hereby declare under penalty of
> perjury that:
>
> 1. I am an attorney duly licensed to practice law in the
> State of California and this Federal Judicial District
> and I attorney for the moving parties herein.
>
> 2.  The statements herein are true and correct to my own
> knowledge or I believe them to be true.
>
> I declare under penalty of perjury under the laws of the
> State of California that the foregoing is true and
> correct.

It is unclear whether something was accidentally left out of the
declaration or if Garrison merely intended to establish that he is
a duly licensed attorney.

**United States District Court**
For the Northern District of California

1    The Changs argue that this action should not be allowed to

2   proceed because it was filed with "malice" and for an "improper

3   purpose."  MTD at 8.  In support, the Changs cite to case law

4   dealing with affirmative claims for malicious prosecution.  Id. at

5   8-9 (citing Zamos v. Stroud, 32 Cal. 4th 958, 87 P.3d 802 (Cal.

6   2004)).  However, the Changs offer no authority suggesting that

7   "malicious prosecution" qualifies as an affirmative defense --

8   rather than a cause of action -- under California law.  Even if it

9   does qualify, a Rule 12(b)(6) motion is an inappropriate vehicle

10  for asserting, let alone proving, an affirmative defense.  Further,

11  the Changs have offered absolutely no evidence of malice or any of

12  the other elements of a malicious prosecution claim.  In sum, the

13  Court declines to grant a Rule 12(b)(6) motion based on a

14  counterclaim, masquerading as an affirmative defense, that has yet

15  to be pled or proved.[3]

16    Next, the Changs seek a summary determination that the facts

17  presented in the Kartal Action created a duty to defend and

18  indemnify under the Great American Policies.  Id. at 9-12.  For

19  example, the Changs ask the Court to find that the negligent act

20  giving rise to the Kartel Action took place sometime between 1981

21

22    To the extent that Garrison intends to declare that all of the
     facts asserted in the Motion are true, the Court may not properly
23   consider his declaration on a Rule 12(b)(6) motion.  Further, the
     declaration lacks foundation and is too vague to be admissible.

24  [3] The Changs raise what seems to be another affirmative defense or
     crossclaim later in their motion, arguing that "Great American
25   worked in improper consort, either explicitly or implicitly for
     none of the carriers representing parties to file Cross Complaints
26   [sic]."  MTD at 15.  The Changs appear to argue that Great American
     engaged in an improper scheme to prevent others from suing Michael
27   Chang.  Once again, they offer no evidence in support of this
     conclusory assertion.  Even if they did, the Court would not be
28   inclined to consider it on a Rule 12(b)(6) motion to dismiss.

5

and 1983, during the Great American policy period. Id. at 11.

Such factual findings are inappropriate on a motion to dismiss.

Even if this were a motion for summary judgment, the Changs have

offered no evidence in support of their contention. Moreover, the

Changs do not address relevant policy language and case law cited

in the FAC which tend to suggest that the time of an "occurrence"

triggering coverage is not the time when the act causing damage was

committed, but rather the time when the complaining party suffered

resulting injury. See FAC ¶ 34 ("This policy applies to

occurrences taking place anywhere during the policy period");

Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal. 4th 645, 670, 913

P.2d 878 (1995) ("[T]he triggering of liability coverage under a

CGL policy is established at the time the complaining third party

was actually damaged.").

The Changs also move to dismiss Great American's claim for

breach of the Cooperation Clause on the ground that they "fully

cooperated with [Great American]." MTD at 14. Once again, the

Changs appear to misconstrue the purpose of a Rule 12(b)(6) motion

to dismiss. At this stage of the litigation, the Court cannot make

a factual determination about whether or not the Changs cooperated

with Great American. It can only determine whether the facts

alleged in the FAC give rise to a cognizable and plausible claim

for a breach of contract. The Court concludes that they do. The

Changs correctly state that the Court is not bound to accept as

true allegations that amount to nothing more than legal

conclusions. Id. However, they never follow through and explain

what aspects of the FAC are lacking. Contrary to the Changs'

argument, the FAC is far from conclusory. It contains detailed

**United States District Court**
For the Northern District of California

1  factual allegations concerning the Changs' alleged scheme to

2  manufacture a defense obligation under the Great American Policy.

3  See, e.g., FAC ¶¶ 50-82.  In fact, Great American goes so far as to

4  allege the specific contents of various emails between the Changs,

5  their counsel, and various other attorneys describing plans to

6  manufacture a defense obligation.

7      Finally, the Changs argue that the FAC does not state a

8  plausible claim because they "cannot determine which of the two

9  Plaintiffs is suing which of the two Defendants or various possible

10 combinations thereof, regarding the multiple contracts or

11 Stipulations to Policy Language alleged in Plaintiffs' herein First

12 Amended Complaint [sic]."  MTD at 8.  This argument might have some

13 merit if the FAC were vague about which plaintiff is suing which

14 defendant under which insurance contract.  But it is not.  The FAC

15 clearly states that both Great American Insurance Company and Great

16 American Insurance Company of New York seek declaratory relief and

17 other remedies with respect to both Michael Chang and Roxanne Chang

18 under both insurance policies at issue.  See, e.g., FAC ¶¶ 13, 15,

19 20, 90, 96.[4]

20

21 **V.   CONCLUSION**

22     In sum, the Changs have failed to articulate a coherent reason

23 for dismissing Great American's FAC.  Accordingly, the Changs'

24 Motion to Dismiss is DENIED and the FAC remains undisturbed.  The

25 case management conference set for September 21, 2012 at 10:00 a.m.

26

27 [4] In light of the borderline frivolous arguments advanced in their brief, the Court feels compelled to remind the Changs' counsel of their Rule 11 obligations.  Nonetheless, nothing in this Order should be construed as an invitation for Great American to file a

28 motion for Rule 11 sanctions.

1    in Courtroom 1, 450 Golden Gate Avenue, San Francisco, California,

2    shall proceed as scheduled.  The parties are to file one joint case

3    management statement at least seven (7) days prior.

4

5         IT IS SO ORDERED.

6

7         Dated:   August 24, 2012        

8                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California