**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8
GREAT AMERICAN INSURANCE          ) Case No. 12-00833-SC
9  COMPANY, and GREAT AMERICAN      )
   INSURANCE COMPANY OF NEW YORK,   ) ORDER DENYING MOTION TO
10                                   ) DISMISS
           Plaintiffs,              )
11                                   )
        v.                          )
12                                   )
   MICHAEL CHANG, d/b/a SUNRISE     )
13 CLEANERS, INC., and ROXANNE      )
   CHANG,                           )
14                                   )
           Defendants.              )
15 _____ )

16

17 **I.    INTRODUCTION**

18      Now before the Court is Defendants Michael Chang and Roxanne

19 Chang's (collectively, the "Changs") Motion to Dismiss Great

20 American Insurance Company and Great American Insurance Company of

21 New York's (collectively, "Great American") First Amended Complaint

22 ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF

23 No. 19 ("MTD").  Great American filed an opposition to the Motion,

24
   _____
25 [1] The Changs also ostensibly move under Federal Rule of Civil
   Procedure 12(b)(1).  MTD at 1-2.  Though Rule 12(b)(1) pertains to
26 subject-matter jurisdiction, the Changs do not mention the issue
   once in their moving papers.  The Court finds that the exercise of
27 subject-matter jurisdiction is appropriate here.  There is complete
   diversity among the parties and the pleadings allege an amount in
28 controversy well in excess of $75,000.  See 28 U.S.C. § 1332.

**United States District Court**
For the Northern District of California

1 || but the Changs declined to file a reply.  ECF No. 25 ("Opp'n").

2 || Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

3 || appropriate for determination without oral argument.  For the

4 || reasons set forth herein, the Changs' Motion is DENIED.

5 ||

6 || **II.   BACKGROUND**

7 ||      This case involves an insurance coverage dispute arising from

8 || an underlying lawsuit filed against the Changs entitled Bilal

9 || Kartal v. Michael Chang, et al., Case No. CIV 458146, San Mateo

10 || Superior Court, and related cross-actions (the "Kartal Action").

11 || ECF No. 16 ("FAC") ¶ 11.  The Kartal action concerns the alleged

12 || contamination of a property owned by Michael Chang that is located

13 || on Baldwin Avenue in San Mateo, California.  Id. ¶¶ 4, 6.  The

14 || instant action also involves a related insurance dispute arising

15 || from claims that Michael Chang asserted in a different litigation,

16 || seeking to recover pollution and investigation costs from the

17 || California Underground Storage Tank Fund.  Id. ¶ 11.

18 ||      The Changs tendered claims to Great American for insurance

19 || benefits under two policies issued by Great American between 1977

20 || and 1983 (the "Great American Policies").  Id. ¶ 20.  Although

21 || Great American is defending the Changs in the Kartal action under a

22 || reservation of rights and has advanced other claimed amounts, also

23 || under a reservation of rights, Great American alleges that it has

24 || no duty to defend or indemnify the Changs.  Id. ¶¶ 12-19.

25 || Specifically, Great American alleges that the Changs'

26 || representatives sought to manufacture a defense obligation under

27 || the Great American Policies with respect to the Kartal Action by

28 || arranging for others to sue Michael Chang.  See, e.g., id. ¶ 55-81.

United States District Court
For the Northern District of California

1    Great American filed the instant action against the Changs in

2  February 2012.  ECF No. 1.  The FAC asserts a number of claims for

3  declaratory relief as well as a claim for breach of the Great

4  American Policies' "Cooperation Clause" and "No Voluntary Payment

5  Clause."  FAC ¶¶ 115-62.  Great American seeks a declaration that

6  it has no duty to defend or indemnify the Changs with respect to

7  the Kartal Action or other pollution claims involving the Baldwin

8  Avenue property.  Id. at 43-44 ("Prayer for Relief").  Great

9  American also seeks reimbursement of amounts paid in connection

10  with the Changs' claims.  Id.

11

12  **III.  LEGAL STANDARD**

13    A motion to dismiss under Federal Rule of Civil Procedure

14  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

15  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

16  on the lack of a cognizable legal theory or the absence of

17  sufficient facts alleged under a cognizable legal theory."

18  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

19  1988).  "When there are well-pleaded factual allegations, a court

20  should assume their veracity and then determine whether they

21  plausibly give rise to an entitlement to relief."  Ashcroft v.

22  Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

23  must accept as true all of the allegations contained in a complaint

24  is inapplicable to legal conclusions.  Threadbare recitals of the

25  elements of a cause of action, supported by mere conclusory

26  statements, do not suffice."  Id. at 663. (citing Bell Atl. Corp.

27  v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

28  complaint must be both "sufficiently detailed to give fair notice

3

**United States District Court**
For the Northern District of California

1  to the opposing party of the nature of the claim so that the party

2  may effectively defend against it" and "sufficiently plausible"

3  such that "it is not unfair to require the opposing party to be

4  subjected to the expense of discovery."  Starr v. Baca, 633 F.3d

5  1191, 1204 (9th Cir. 2011).

6

7  **IV.  DISCUSSION**

8       The Changs' Motion is not an exemplar of legal argument.

9  Though the Changs move under Rule 12(b)(6), much of their motion is

10 devoted to affirmative defenses and factual matters which are

11 inappropriate for resolution on a motion to dismiss for failure to

12 state a claim.  Not only do the Changs improperly attempt to turn

13 the Court's attention from the FAC's allegations to purported

14 "facts" outside the pleadings, they do not support those "facts"

15 with any evidence.[2]  The Court addresses these deficiencies in more

16 detail below.

---

17 [2] The Changs' attorney, Gregg S. Garrison ("Garrison"), did file a
declaration in support of the Motion.  ECF No. 19-2 ("Garrison
18 Decl.").  However, the Garrison Declaration asserts absolutely no
facts.  Nor are there any documents attached to the declaration.
19 The full body of the Garrison Declaration is reproduced below:

20     I, Gregg S. Garrison, hereby declare under penalty of
      perjury that:
21
22    1. I am an attorney duly licensed to practice law in the
      State of California and this Federal Judicial District
23    and I attorney for the moving parties herein.

24    2.  The statements herein are true and correct to my own
      knowledge or I believe them to be true.
25
      I declare under penalty of perjury under the laws of the
26    State of California that the foregoing is true and
      correct.
27
It is unclear whether something was accidentally left out of the
28 declaration or if Garrison merely intended to establish that he is
a duly licensed attorney.

4

**United States District Court**
For the Northern District of California

1    The Changs argue that this action should not be allowed to

2  proceed because it was filed with "malice" and for an "improper

3  purpose."  MTD at 8.  In support, the Changs cite to case law

4  dealing with affirmative claims for malicious prosecution.  Id. at

5  8-9 (citing Zamos v. Stroud, 32 Cal. 4th 958, 87 P.3d 802 (Cal.

6  2004)).  However, the Changs offer no authority suggesting that

7  "malicious prosecution" qualifies as an affirmative defense --

8  rather than a cause of action -- under California law.  Even if it

9  does qualify, a Rule 12(b)(6) motion is an inappropriate vehicle

10 for asserting, let alone proving, an affirmative defense.  Further,

11 the Changs have offered absolutely no evidence of malice or any of

12 the other elements of a malicious prosecution claim.  In sum, the

13 Court declines to grant a Rule 12(b)(6) motion based on a

14 counterclaim, masquerading as an affirmative defense, that has yet

15 to be pled or proved.[3]

16    Next, the Changs seek a summary determination that the facts

17 presented in the Kartal Action created a duty to defend and

18 indemnify under the Great American Policies.  Id. at 9-12.  For

19 example, the Changs ask the Court to find that the negligent act

20 giving rise to the Kartel Action took place sometime between 1981

21

22    To the extent that Garrison intends to declare that all of the
   facts asserted in the Motion are true, the Court may not properly
23 consider his declaration on a Rule 12(b)(6) motion.  Further, the
   declaration lacks foundation and is too vague to be admissible.

24 [3] The Changs raise what seems to be another affirmative defense or
   crossclaim later in their motion, arguing that "Great American
25 worked in improper consort, either explicitly or implicitly for
   none of the carriers representing parties to file Cross Complaints
26 [sic]."  MTD at 15.  The Changs appear to argue that Great American
   engaged in an improper scheme to prevent others from suing Michael
27 Chang.  Once again, they offer no evidence in support of this
   conclusory assertion.  Even if they did, the Court would not be
28 inclined to consider it on a Rule 12(b)(6) motion to dismiss.

5

**United States District Court**
For the Northern District of California

1   and 1983, during the Great American policy period.  <u>Id.</u> at 11.

2   Such factual findings are inappropriate on a motion to dismiss.

3   Even if this were a motion for summary judgment, the Changs have

4   offered no evidence in support of their contention.  Moreover, the

5   Changs do not address relevant policy language and case law cited

6   in the FAC which tend to suggest that the time of an "occurrence"

7   triggering coverage is not the time when the act causing damage was

8   committed, but rather the time when the complaining party suffered

9   resulting injury.  <u>See</u> FAC ¶ 34 ("This policy applies to

10  occurrences taking place anywhere during the policy period");

11  <u>Montrose Chem. Corp. v. Admiral Ins. Co</u>., 10 Cal. 4th 645, 670, 913

12  P.2d 878 (1995) ("[T]he triggering of liability coverage under a

13  CGL policy is established at the time the complaining third party

14  was actually damaged.").

15      The Changs also move to dismiss Great American's claim for

16  breach of the Cooperation Clause on the ground that they "fully

17  cooperated with [Great American]."  MTD at 14.  Once again, the

18  Changs appear to misconstrue the purpose of a Rule 12(b)(6) motion

19  to dismiss.  At this stage of the litigation, the Court cannot make

20  a factual determination about whether or not the Changs cooperated

21  with Great American.  It can only determine whether the facts

22  alleged in the FAC give rise to a cognizable and plausible claim

23  for a breach of contract.  The Court concludes that they do.  The

24  Changs correctly state that the Court is not bound to accept as

25  true allegations that amount to nothing more than legal

26  conclusions.  <u>Id.</u>  However, they never follow through and explain

27  what aspects of the FAC are lacking.  Contrary to the Changs'

28  argument, the FAC is far from conclusory.  It contains detailed

**United States District Court**
For the Northern District of California

1   factual allegations concerning the Changs' alleged scheme to

2   manufacture a defense obligation under the Great American Policy.

3   See, e.g., FAC ¶¶ 50-82.  In fact, Great American goes so far as to

4   allege the specific contents of various emails between the Changs,

5   their counsel, and various other attorneys describing plans to

6   manufacture a defense obligation.

7       Finally, the Changs argue that the FAC does not state a

8   plausible claim because they "cannot determine which of the two

9   Plaintiffs is suing which of the two Defendants or various possible

10  combinations thereof, regarding the multiple contracts or

11  Stipulations to Policy Language alleged in Plaintiffs' herein First

12  Amended Complaint [sic]."  MTD at 8.  This argument might have some

13  merit if the FAC were vague about which plaintiff is suing which

14  defendant under which insurance contract.  But it is not.  The FAC

15  clearly states that both Great American Insurance Company and Great

16  American Insurance Company of New York seek declaratory relief and

17  other remedies with respect to both Michael Chang and Roxanne Chang

18  under both insurance policies at issue.  See, e.g., FAC ¶¶ 13, 15,

19  20, 90, 96.[4]

20

21  **V.   CONCLUSION**

22      In sum, the Changs have failed to articulate a coherent reason

23  for dismissing Great American's FAC.  Accordingly, the Changs'

24  Motion to Dismiss is DENIED and the FAC remains undisturbed.  The

25  case management conference set for September 21, 2012 at 10:00 a.m.

26  _____

[4] In light of the borderline frivolous arguments advanced in their
27  brief, the Court feels compelled to remind the Changs' counsel of
their Rule 11 obligations.  Nonetheless, nothing in this Order
28  should be construed as an invitation for Great American to file a
motion for Rule 11 sanctions.

in Courtroom 1, 450 Golden Gate Avenue, San Francisco, California,

shall proceed as scheduled.   The parties are to file one joint case

management statement at least seven (7) days prior.


        IT IS SO ORDERED.


        Dated:   August 24, 2012        

                                UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8