IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Defendants.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Third-Party Plaintiffs,<br><br>  v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Third-Party Defendant. | Case No. 12-00833-SC<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

Now before the Court is Fireman's Fund Insurance Company's ("FFIC") Motion to Dismiss Michael and Roxanne Chang's (collectively, "the Changs") Third-Party Complaint. ECF No. 48 ("Mot."). The Motion is fully briefed, ECF Nos. 47 ("Opp'n"), 48 ("Reply"), and appropriate for determination without oral argument. For the reasons set forth below, the Court GRANTS the motion on the ground that the Changs have failed to establish subject-matter jurisdiction.

## II. BACKGROUND

This case involves an insurance coverage dispute arising from an underlying lawsuit filed against the Changs, <u>Bilal Kartal v. Michael Chang, et al.</u>, Case No. CIV 458146, San Mateo Superior Court (hereinafter, the "<u>Kartal</u> Action"). ECF No. 16 ("FAC") ¶ 11. The <u>Kartal</u> action concerns the alleged contamination of a property owned by Michael Chang that is located on Baldwin Avenue in San Mateo, California. Id. ¶¶ 4, 6. The instant action also involves a related insurance dispute arising from claims that Michael Chang asserted in a different litigation in which he sought to recover pollution and investigation costs from the California Underground Storage Tank Fund (the "Storage Tank Fund Action"). Id. ¶ 11.

The Changs tendered claims to Great American Insurance Company and Great American Insurance Company of New York (collectively, "Great American") for insurance benefits under two policies issued by Great American between 1977 and 1983. Id. ¶ 20. Although Great American is defending the Changs in the <u>Kartal</u> action under a reservation of rights and has advanced other claimed amounts, also

2

1. under a reservation of rights, Great American alleges that it has
2. no duty to defend or indemnify the Changs in the underlying
3. actions. Id. ¶¶ 12-19. Great American filed this action against
4. the Changs in February 2012 (hereinafter, "the Great American
5. Action"). ECF No. 1. Great American seeks a declaration that it
6. has no duty to defend or indemnify the Changs with respect to the
7. Kartal Action or other pollution claims involving the Baldwin
8. Avenue property. FAC at 43-44 ("Prayer for Relief"). Great
9. American also seeks reimbursement of amounts paid in connection
10. with the Changs' insurance claims. Id.
11. On September 21, 2012, the Changs filed a third-party
12. complaint against FFIC for breach of contract, breach of the
13. covenant of good faith and fair dealing, and declaratory relief.
14. ECF No. 33 (Third-Party Complaint ("TPC")). The TPC is sometimes
15. rambling and opaque, but the Changs appear to allege that FFIC
16. issued insurance policies to Christopher Chang in connection with
17. the Baldwin Avenue property between 1984 and 1989. See TPC ¶¶ 40-
18. 41, 86. The Changs further allege that they are beneficiaries
19. under the policies and, thus, are entitled to FFIC coverage for the
20. Kartal Action and the Storage Tank Fund Action. See id. According
21. to the Changs, FFIC breached these insurance agreements in bad
22. faith, withheld unidentified information, and somehow colluded with
23. Great American to obstruct the Changs' access to the benefits of
24. the FFIC and Great American policies. See id. ¶¶ 63, 88, 106.
25. Among other things, the Changs seek damages resulting from
26. FFIC's refusal to pay their claims and defend the Kartal Action and
27. the Storage Tank Fund Action, as well as a judicial determination
28.

that FFIC has a duty to defend and indemnify the Changs in those actions.

### III. DISCUSSION

FFIC now moves to dismiss the TPC on the following grounds: (1) the TPC is not a proper impleader under Federal Rule of Civil Procedure 14; (2) the Court lacks subject-matter jurisdiction; and (3) the TPC fails to state a claim because it is "prolix, verbose, incomprehensible, and full of irrelevant material." Mot. at 1. The Court addresses each of these issues below.

#### A.   Rule 14 Impleading

"A trial court must act within its sound discretion when determining whether a third-party defendant may be impleaded under [Federal] Rule [of Civil Procedure] 14." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). Rule 14 allows a defendant to file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Thus, a third-party claim may only be asserted under Rule 14 when that claim is dependent on the outcome of the main claim. Stewart, 845 F.2d at 200. "The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id. (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (1971 ed.)).

4

Here, FFIC argues that the TPC is improper under Rule 14 because FFIC's alleged liability to the Changs is not derivative of or dependent on the Changs' liability to Great American. MOT. at 7. The Court disagrees. The Changs allege that both Great American and FFIC have a duty to defend and indemnify them in the Kartal Action and the Storage Tank Fund Action. Thus, if the Changs are unsuccessful in the Great American Action but prevail on the claims asserted in the TPC, FFIC may be liable for all of the potential defense, investigation, and clean-up costs in the underlying actions. On the other hand, if Great American is unsuccessful on its claims and continues to defend and indemnify the Changs in the underlying actions, then FFIC's liability will be more limited. Since the Changs presumably cannot get double recovery from Great American and FFIC and the costs associated with the underlying actions are finite, FFIC's total potential liability is contingent on Great American's.

This finding is further supported by the California Supreme Court's recent decision in State v. Continental Insurance Company, 55 Cal. 4th 186, 201 (Cal. 2012). Like the instant action, Continental dealt with "long tail" claims for the clean-up of a contaminated property. 55 Cal. 4th at 195. The court held that in such cases an insured has a right to "stack" its policy limits, meaning that "when more than one policy is triggered by an occurrence, each policy can be called upon to respond to the claim up to the full limits of the policy." Id. at 200 (quotations omitted). "When the policy limits of a given insurer are exhausted, [the insured] is entitled to seek indemnification from any of the remaining insurers [that were] on the risk . . . ." Id.

5

(quotations omitted). Thus, because the Changs may be entitled to stack their FFIC and Great American policies, FFIC's indemnity obligations may be contingent on a determination of Great American's in the Great American Action.

### B. Subject-Matter Jurisdiction

FFIC argues that even if the TPC is a proper impleader, it should be dismissed for lack of subject-matter jurisdiction. As third-party plaintiffs, the Changs bear the burden of establishing the propriety of the Court's exercise of jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In the TPC, they allege that the exercise of subject-matter jurisdiction is proper under: (1) 28 U.S.C. § 1331, which provides for federal question jurisdiction; (2) 28 U.S.C. § 1332; which provides for diversity jurisdiction; (3) the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and (4) 28 U.S.C. § 1367, which provides for supplemental jurisdiction. TPC ¶¶ 1, 3.

The first three grounds are clearly not applicable here. The exercise of federal question jurisdiction is inappropriate because the TPC raises only issues of state contract law. See id. ¶¶ 75-108. As to 28 U.S.C. § 1332, there is no diversity of citizenship since the Changs and FFIC are all citizens of California.[1] Further, the DJA does not provide an independent basis for the exercise of federal jurisdiction. See 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court

---

[1] The citizenship of the parties is unclear from the TPC. FFIC asserts that there is no diversity in its Motion, Mot. at 2, and the Changs have not contested the point.

6

of the United States . . . may declare the rights and other legal relations of any interested party . . . .") (emphasis added).

The Changs' assertion of supplemental jurisdiction presents a closer question. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." When assessing supplemental jurisdiction, the issue of whether a party has been properly impleaded under Rule 14(a) is not dispositive. See Galt G/S V. Hapag Lloyd A.G., 60 F.3d 1370, 1374 (9th Cir. 1995).[2] Supplemental jurisdiction should not be invoked "merely to enable state and federal suits to be consolidated in federal court whenever ordinary notions of judicial economy would make that a desirable result, but instead should be reserved for cases where failure to exercise federal jurisdiction would prevent a party from obtaining justice." Hartford, 846 F.2d at 381-82. Thus, a district court may only assert supplemental jurisdiction over Rule 14(a) claims between non-diverse parties when those claims arise out of the "same transaction or occurrence" as the claim over which the court has unquestioned federal jurisdiction. Id. at 382. Factual overlap alone is insufficient. Id.

---

[2] See also Hartford Accident and Indem. Co. v. Sullivan, 846 F.2d 377, 382 (7th Cir. 1988) ("Dicta in a few cases can be read to suggest that any 14(a) claim is within the ancillary jurisdiction of the federal courts, [citations omitted], but it is doubtful that the suggestion was intended, and if it was we respectfully disagree with it.") (emphasis in the original).

Here, there is some factual overlap between the Great American Action and the claims asserted in the TPC, since both actions arise out of the alleged contamination at the Baldwin Avenue property. However, the claims in the Great American Action and the TPC are not so related that they form the same case or controversy.  The resolution of the Great American Action will turn on the language of the insurance policies Great American issued to the Changs.  In contrast, the resolution of the TPC will turn on the language of the FFIC policies issued to Christopher Chang.  Thus, the two actions arise out of distinct transactions -- the Great American policies and the FFIC policies -- and a judgment in one action will not affect the outcome of the other.

The Changs argue that the two actions arise from the same transaction or occurrence because Great American and FFIC colluded:

> The collusion and intertwined nature between the actions of [Great American] and FFIC is central to the claims we present.  FFIC and [Great American] have taken a series of actions and inactions, including the suppression [of] the filing of cross complaints and suppression of policy information, and other actions to artificially not trigger defense obligations.

Opp'n at 4.  It is not entirely clear how Great American and FFIC colluded or why they were obligated to file cross-complaints against each other.  The TPC's allegations on this matter are conclusory and otherwise incoherent.  See TPC ¶¶ 39, 63-64, 106. The Changs' opposition brief does nothing to clarify the matter except to cryptically refer to "evidence" attached to the TPC.  See Opp'n at 9.  But that evidence is nothing more than a disorganized collection of random documents.  See ECF No. 33-1.  As the

8

documents are not referenced in the TPC or otherwise identified, it is entirely unclear what they are to supposed to be or what they are supposed to prove. Further, though the documents number in the dozens and span over one hundred pages, the Changs do not identify where one begins and the next ends.

In sum, the Changs have failed to meet their burden of establishing subject-matter jurisdiction. Accordingly, FFIC's motion to dismiss for lack of subject-matter jurisdiction is GRANTED. The Court GRANTS the Changs leave to amend the TPC so as to assert proper grounds for subject-matter jurisdiction and reminds counsel that conclusory allegations of jurisdiction will not suffice.

### C. Rule 8 Pleading Requirements

As the Changs have failed to establish subject-matter jurisdiction, the Court need not address FFIC's Rule 12(b)(6) motion to dismiss for failure to state a claim. However, since the Changs have been granted leave to amend to establish jurisdiction, some guidance on this issue could avoid the need for further briefing.

Rule 8 requires a pleading to be "concise and direct" and to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), (d). Additionally, the allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

9

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

FFIC takes issue with the length and the clarity of the TPC. MOT. at 10-13. The Court is not concerned with the length. At 31 pages and 108 paragraphs, the TPC is far less burdensome than FFIC makes it out to be. However, the Court is concerned with the clarity of the TPC. There appears to be no order -- chronological or otherwise -- to the general allegations. Rampant grammatical errors and typos make many sentences difficult to understand. Some of the factual allegations are conclusory. A number of others are specific, but the TPC fails to provide sufficient background or context to make them comprehensible. It is unclear how some of these factual allegations relate to the Changs' claims for relief. Additionally, as discussed above, the relevancy of the undifferentiated mass of exhibits attached to the TPC is not readily apparent. These deficiencies place an improper burden on FFIC, as well as the Court. The Changs' amended complaint should correct them.[3]

---

[3] If these deficiencies are not corrected, the Court suggests that FFIC consider a Rule 12(f) motion to strike, in addition to a Rule 12(b)(6) motion to dismiss for failure to state a claim. The motion to strike should identify particular paragraphs containing

10

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Fireman's Fund Insurance Company's motion to dismiss the Third-Party Complaint for lack of subject-matter jurisdiction.  The Court also GRANTS Plaintiffs Michael Chang and Roxanne Chang leave to amend their complaint within thirty (30) days of the signature date of this Order.  Failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   January 17, 2013          _____
                                                    UNITED STATES DISTRICT JUDGE

---

"redundant, immaterial, impertinent, or scandalous matter[s]."  See Fed. R. Civ. P. 12(f).