IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Defendants. | Case No. 12-00833-SC<br><br>ORDER TO SHOW CAUSE |
| MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Third-Party Plaintiffs,<br><br>  v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Third-Party Defendant. | |

1    Having reviewed the pleadings in this matter, the Court is
2 concerned about potential conflicts of interest between Defendants
3 Michael Chang and Roxanne Chang (the "Changs") and their attorneys
4 Gregg S. Garrison and Herman I. Kalfen.[1]  This case involves a
5 dispute over whether Plaintiffs owe a duty to defend and indemnify
6 the Changs in underlying state court actions concerning the alleged
7 contamination of the Changs' San Mateo property.  In their First
8 Amended Complaint ("FAC"), Plaintiffs allege that Messrs. Garrison
9 and Kalfen devised a strategy to manufacture the appearance of a
10 defense obligation with respect to the underlying actions by
11 seeking to arrange for other parties to file cross-complaints
12 against Michael Chang.  ECF No. 16 ("FAC") ¶ 52.  In support of
13 this contention, Plaintiffs quote from email correspondence among
14 Messrs. Garrison and Kalfen and Brian T. Kelleher, the Changs'
15 environmental consultant.  See, e.g., id. ¶¶ 53, 63-65.  In total,
16 Mr. Garrison is named sixteen times in Plaintiffs' FAC, and Mr.
17 Kalfen is named twenty-eight times.
18    In light of these facts, there is a distinct possibility that
19 Messrs. Garrison and Kalfen will be called as fact witnesses.
20 California Rule of Professional Conduct 5-210 generally bars an
21 attorney from acting as an advocate before a jury which will hear
22 that attorney's testimony.  Further, even if this case does not
23 reach trial, the Court is concerned that Messrs. Garrison and
24 Kalfen may be compelled to offer deposition testimony against their
25 own clients.

---

[1] Mr. Kalfen has yet to formally appear in this action, but his name is listed on the Changs' briefs.  See ECF No. 56.

2

Accordingly, the Court hereby ORDERS Messrs. Garrison and Kalfen to SHOW CAUSE why they should be allowed to continue to represent the Changs in this matter. The show cause hearing shall take place at 10:00 a.m. on May 10, 2013 in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California. Messrs. Garrison and Kalfen shall file a brief on this issue no later than fourteen (14) days of the signature date of this Order. The Court also ORDERS Mr. Garrison to forward a copy of this Order to his clients and to file a declaration with the Court attesting to that fact.

IT IS SO ORDERED.

Dated:  April 11, 2013

UNITED STATES DISTRICT JUDGE