United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Defendants.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Third-Party Defendant. | Case No. 12-00833-SC<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS |

**I.  INTRODUCTION**

Now before the Court is Fireman's Fund Insurance Company's ("FFIC") motion to dismiss and/or strike Michael and Roxanne Chang's (collectively, "the Changs") Amended Third-Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 41(b).  ECF No. 53 ("Mot.").  The Motion is fully briefed, ECF Nos. 56 ("Opp'n"), 58 ("Reply"), and appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons set forth below, the Motion is GRANTED.

**II.  BACKGROUND**

This case involves an insurance coverage dispute arising from an underlying lawsuit filed against the Changs, <u>Bilal Kartal v. Michael Chang, et al.</u>, Case No. CIV 458146, San Mateo Superior Court (hereinafter, the "<u>Kartal</u> Action").  ECF No. 16 ("FAC") ¶ 11. The <u>Kartal</u> action concerns the alleged contamination of a property owned by Michael Chang that is located on Baldwin Avenue in San Mateo, California.  Id. ¶¶ 4, 6.  The instant action also involves a related insurance dispute arising from claims that Michael Chang asserted in a different litigation in which he sought to recover pollution and investigation costs from the California Underground Storage Tank Fund (the "Storage Tank Fund Action").  Id. ¶ 11.

The Changs tendered the underlying actions to Great American Insurance Company and Great American Insurance Company of New York (collectively, "Great American") for insurance benefits under two policies issued by Great American between 1977 and 1983.  Id. ¶ 20. They also tendered insurance claims to FFIC pursuant to policies FFIC issued to the Changs' tenant, Christopher Chang, between 1984

2

and 1987. ECF No. 50 (Amended Third-Party Complaint ("Am. TPC")) ¶ 12. Great American is defending the Changs in the Kartal action under a reservation of rights and has advanced other claimed amounts, also under a reservation of rights. FAC ¶¶ 12-19. Great American alleges that it has no duty to defend or indemnify the Changs because, among other things, the Changs breached their duty to cooperate under the policies by attempting to manufacture a claim for insurance benefits. Id. at 18.

Specifically, Great American points to a 2008 email from the Changs' environmental consultant to the Changs' attorneys, suggesting that the Kartal action did not trigger Great American's duty to defend, but that Great American's duty might be triggered through a cross-complaint filed by third parties. Id. at 53-54. The Changs subsequently filed a cross-complaint in the Kartal action against Christopher Chang and Grace and Kuneo Yamuguchi (collectively, the "Yamaguchis"), whose family had allegedly owned or operated a dry cleaning business at the Baldwin Avenue property since the 1930s. Id. ¶ 57. Great American alleges that the Changs then encouraged Christopher Chang and the Yamuguchis to file cross-complaints against Michael Chang. Id. ¶¶ 59-70. Other emails cited in the FAC indicate that the Changs' attorneys and environmental consultant believed that these cross-complaints would trigger coverage by Great American and FFIC. See id.

Great American filed this action (the "Great American Action") against the Changs in February 2012. ECF No. 1. Great American seeks a declaration that it has no duty to defend or indemnify the Changs with respect to the Kartal Action or other pollution claims involving the Baldwin Avenue property. FAC at 43-44 ("Prayer for

Relief"). Great American also seeks reimbursement of amounts paid in connection with the Changs' insurance claims. Id.

In connection with the Great American Action, the Changs have filed a third-party complaint against FFIC for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief. The Changs allege that FFIC breached its insurance agreements in bad faith by refusing to fulfill its duties to defend and investigate contamination at the Baldwin Avenue properties. See, e.g., Am. TPC ¶¶ 21-25. The Changs also allege that FFIC colluded with Great American to suppress the filing of cross-complaints against the Changs that would have triggered coverage under the relevant policies. See id. ¶ 15. Among other things, the Changs seek damages resulting from FFIC's refusal to pay their claims and defend the Kartal Action and the Storage Tank Fund Action, as well as a judicial determination that FFIC has a duty to defend and indemnify the Changs in those actions.

FFIC moved to dismiss the Changs' original third-party complaint on the grounds that (1) the third-party complaint was not a proper impleader, (2) the court lacked subject matter jurisdiction, and (3) the Changs failed to meet Rule 8's pleading requirements. ECF No. 45. On January 17, 2013, the Court granted FFIC's motion to dismiss. ECF No. 49 ("Jan. 17 Order").[1] The Court rejected FFIC's impleader arguments but found that subject matter jurisdiction was lacking because the third-party complaint did not raise a federal question and diversity was lacking. Id. at 4-6. The Court found that the Changs' assertion of supplemental

---

[1] Great Am. Ins. Co. v. Chang, 2013 WL 183976, 2013 U.S. Dist. LEXIS 7435 (N.D. Cal. Jan. 17, 2013).

4

jurisdiction presented a closer question due to the allegations concerning collusion between Great American and FFIC, and granted the Changs leave to amend so that they could assert proper grounds for supplemental jurisdiction. Id. at 6-9. The Court declined to reach FFIC's Rule 8 arguments but noted concerns about the clarity and organization of the third-party complaint. Id. at 10.

On February 15, 2013, the Changs filed their Amended Third-Party Complaint against FFIC. FFIC subsequently moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Alternatively, FFIC moves to strike dozens of paragraphs from the pleading, as well as thirty-nine exhibits attached thereto.

**III. DISCUSSION**

As third-party plaintiffs, the Changs bear the burden of establishing the propriety of the Court's exercise of jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Changs have abandoned their contention that the Court may properly exercise federal question or diversity jurisdiction. See Am. TPC ¶ 1. The reason for this is clear: The Changs' Amended Third-Party Complaint, like their original third-party complaint, presents only questions of state law, and all parties to the third-party complaint appear to be California residents. The only basis for jurisdiction alleged in the Amended Third-Party Complaint is supplemental jurisdiction. See id.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Supplemental jurisdiction should not be invoked "merely to enable state and federal suits to be consolidated in federal court whenever ordinary notions of judicial economy would make that a desirable result, but instead should be reserved for cases where failure to exercise federal jurisdiction would prevent a party from obtaining justice." Hartford Acc. & Indem. Co. v. Sullivan, 846 F.2d 377, 381-82 (7th Cir. 1988). Thus, a district court may only assert supplemental jurisdiction over claims between non-diverse parties when those claims arise out of the "same transaction or occurrence" as the claim over which the court has unquestioned federal jurisdiction. Id. at 382.

In its January 17 Order, the Court noted that there was some factual overlap between the Great American Action and the claims asserted in the Changs' initial third-party complaint, since both actions arise out of the alleged contamination at the Baldwin Avenue property. Jan. 17 Order at 8. However, the Court found that this factual overlap was insufficient to support the exercise of supplemental jurisdiction, since the Changs' third-party complaint and the Great American Action concerned different insurance policies and thus distinct transactions. Id. The Court suggested that the Changs' allegations that Great American and FFIC colluded by refusing to file cross-complaints against one another on behalf of their insureds could potentially support the exercise of supplemental jurisdiction. Id. However, as pled in the Chang's original third-party complaint, these allegations were "conclusory and otherwise incoherent." Id. The Court also noted that it was

6

entirely unclear why Great American and FFIC were obligated to file cross-complaints against each other. Id.

The Changs have amended their third-party complaint to add more factual allegations concerning FFIC and Great American's handling of the underlying actions. They have also added facts explaining how Great American and FFIC allegedly colluded in suppressing the filing of cross-complaints that would have triggered coverage under the relevant policies. Absent a legal duty to file cross-complaints, the Changs' allegations concerning collusion between Great American and FFIC are irrelevant to the Changs' claims for bad faith and breach of insurance contract. However, it remains unclear why FFIC and Great American had a duty to file cross-complaints. An insurer generally has a right to control the defense of its insured. See James 3 Corp. v. Truck Ins. Exch., 91 Cal. App. 4th 1093, 1105-06 (Cal. Ct. App. 2001). Accordingly, an insurer does not have a duty to prosecute a counterclaim or a cross-complaint on behalf of the insured absent some contractual provision requiring such action. See id. at 1104-06.

The Changs have not pointed to provisions in any of the relevant policies that would have required either FFIC or Great American to file cross-complaints in the underlying actions. Nor have they pointed to any authority that would give rise to an independent duty to take such actions. The Changs' only argument concerning FFIC's purported duty to file cross-complaints is circular: the cross-complaints were "standard and expected" and

necessary to trigger coverage under the policies. See Opp'n at 9.[2] But the Changs have cited no authority suggesting that FFIC was required to file cross-complaints merely because the cross-complaints may have triggered coverage under the Changs' policies.

Thus, the Court finds that the Changs have failed to meet their burden of establishing grounds for the exercise of supplemental jurisdiction over the Amended Third-Party Complaint. Since the Court has already granted the Changs leave to amend on this very same issue once before, it declines to grant leave to amend again. The Court also declines to address FFIC's motion to dismiss for failure to state a claim or its motion to strike.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Fireman's Fund Insurance Company's motion to dismiss for lack of subject matter jurisdiction. The Court DISMISSES the Michael Chang and Roxanne Chang's third-party complaint against FFIC without prejudice to the Changs' right to bring this complaint in state court.

IT IS SO ORDERED.

Dated: April 15, 2013

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Changs also argue that the Court should exercise supplemental jurisdiction because it previously found that the original third party complaint was a proper impleader. Id. at 10-11. However, as the Court stated in its January 17 Order, "when assessing supplemental jurisdiction, the issue of whether a party has been properly impleaded . . . is not dispositive." Jan. 17 Order at 7 (citing Galt G/S V. Hapag Lloyd A.G., 60 F.3d 1370, 1374 (9th Cir. 1995)).