**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>      Plaintiffs,<br><br>  v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>      Defendants. | Case No. 12-00833-SC<br><br><u>RE: ORDER TO SHOW CAUSE</u> |
| MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a, SUNRISE CLEANERS, INC.,<br><br>      Third-Party Plaintiffs,<br><br>  v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>      Third-Party Defendant. | |

On April 11, 2013, the Court issued an Order to Show Cause why Defendants' counsel, Gregg S. Garrison and Herman I. Kalfen, should not be removed due to potential conflicts of interest. ECF No. 61. The Court noted that Garrison and Kalfen were named numerous times

in the pleadings and might be deposed as fact witnesses. Defendants have filed a response to the Court's Order to Show Cause, and Plaintiffs have filed a Reply. ECF Nos. 62, 63.

California Rule of Professional Conduct 5-210 provides that an attorney "shall not act as an advocate before a jury which will hear testimony from the [attorney] unless . . . [t]he [attorney] has the informed, written consent of the client." This requirement is now satisfied. In response to the Order to Show Cause, Defendants have provided the Court with the declarations of individual defendants Roxanne Chang and Michael Chang, stating that they have been made aware of the potential conflicts and consent to the continued representation of Garrison and Kalfen. ECF No. 62-2.

In their response to the Court's Order to Show Cause, Defendants have also asked the Court to render judgment on a number of substantive issues. Defendants' request is procedurally improper. If Defendants wish to move for summary judgment, then they should do so in accordance with the federal and local rules.

In sum, the Court is satisfied that the requirements of Rule 5-210 have been met. To the extent that Defendants' response to the Order to Show Cause can be construed as a motion for summary judgment, that motion is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2013

UNITED STATES DISTRICT JUDGE