IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC., and ROXANNE CHANG, d/b/a SUNRISE CLEANERS, INC.,<br><br>　　　　Defendants. | Case No. 12-00833-SC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

On June 19, 2013, the Court granted Great American Insurance Company and Great American Insurance Company of New York's (collectively, "Great American") motion for partial summary judgment. ECF No. 77 ("SJ Order"). Defendants Michael Chang and Roxanne Chang now move for reconsideration of the Summary Judgment Order. ECF No. 78 ("Mot."). Great American has opposed the Motion, but the Changs declined to file a reply. ECF No. 79 ("Opp'n"). For the reasons set forth below, the Motion is DENIED.

///

///

## II. BACKGROUND

The Court assumes familiarity with the facts and legal opinions recited in the Summary Judgment Order. In short, this case involves an insurance coverage dispute arising from underlying state court actions and government orders concerning the alleged contamination of a property owned by Michael Chang (the "Property"). Michael Chang and his wife, Defendant Roxanne Chang (collectively, the "Changs"), operated a dry cleaning business on the property from 1977 to 1981. The Changs purchased third-party liability insurance for the premises from Great American for the period of 1977 to 1983.

About a decade later, the Changs leased the Property to Bilal Kartal, who operated an Italian restaurant on the premises. In or around 2002, a peculiar odor emanating from the restaurant began driving away Kartal's customers. In 2006, after Kartal discovered that the odor was caused by underground storage tanks that were leaking dry cleaning solvent, Kartal brought a nuisance action against the Changs. Great American now seeks a declaratory judgment that it does not have a duty to defend or indemnify the Changs with respect to Kartal's nuisance action, as well as a number of related suits, because the property damage alleged by Kartal did not occur during the 1977 to 1983 policy period.

The Court ultimately granted Great American's motion for partial summary judgment. In reaching its decision, the Court relied on California case law distinguishing between causative events and resulting property damage. SJ Order at 14-15. "It is the latter injury or damage that must 'occur' during the policy period, and 'which results' from the accident or 'continuous and

repeated exposure to conditions.'"  Id. (quoting Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal. 4th 645, 669 (Cal. 1995)).  The Court held that Kartal's complaint did not trigger coverage because it alleged causative events -- not resulting property damage -- that occurred during the Changs' policy period.  Id. at 15-16.

### III. DISCUSSION

The Changs now move the Court to reconsider the Summary Judgment Order.  Their motion fails on both procedural and substantive grounds.  As a procedural matter, the Changs' motion violates Civil Local Rule 7-9.  Subsection (a) of the rule prohibits a party from moving for reconsideration without first obtaining leave of the Court.  That is precisely what the Changs have done here.

The Changs have also violated Civil Local Rule 7-9(b), which provides that a party moving for reconsideration must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

The Changs have not shown a material difference in law or fact -- they rely on many of the same cases and facts that they discussed in their opposition to Great American's motion for summary judgment. Nor have they pointed to a manifest failure by the Court to consider dispositive arguments. Rather, they merely disagree with the Court's ultimate conclusions.

Even if reconsideration of the Court's conclusions was procedurally proper, as a substantive matter, the Changs have yet to present any persuasive arguments in favor of finding that Great American has a duty to defend or indemnify. The Changs' motion for reconsideration, like their opposition to Great American's motion for summary judgment, ignores the distinction between causative events and resulting property damage. Their arguments largely boil down to the following: Kartal's alleged property damage must have occurred during the 1977 to 1983 policy period because Kartal alleges that the pollution discharge on the property began "at least as far back as 1969" and continued through 2005. However, as the Court held in the Summary Judgment Order, the pollution discharge is only a causative event, which is irrelevant for the purpose of determining coverage.[1]

---

[1] The only new argument advanced by the Motion is that Kartal's action could trigger coverage if Kartal amended his complaint to allege new facts identified through discovery. Mot. at 4-7. However, the Changs have not identified any new facts that Kartal could possibly allege, other than additional facts concerning when the solvent leak started. As discussed above, these facts are irrelevant for the purpose of determining coverage. Moreover, the cases cited by the Changs do not support their contention that the Court should consider hypothetical amendments. Rather they stand for the proposition that, in assessing the potential for coverage, courts should consider the facts alleged rather than the causes of action asserted. See Hudson Ins. Co. v. Colony Ins. Co., 624 F.3d 1264, 1267 (9th Cir. 2010); Dobrin v. Allstate Ins. Co., 897 F. Supp. 442, 444 (C.D. Cal. 1995).

4

The Changs also haphazardly cite to a number of cases that they contend require "further consideration." See Mot. at 7-10. The Court already considered and distinguished many of these cases in its Summary Judgment Order and declines to revisit them again. The other cases cited by the Changs, including Standard Fire Ins. Co. v. Spectrum Cmty. Ass'n, 141 Cal. App. 4th 1117 (Cal. Ct. App. 2006), and State v. Allstate Ins. Co., 45 Cal. 4th 1008 (Cal. 2009), do not support reversal of the Summary Judgment Order. For example, the Court in Standard Fire recognized the distinction between causative events and resulting property damage, and found for the insured because the alleged property damage occurred during the policy period. 141 Cal. App. 4th at 1126-27.

Since the motion for reconsideration repeats many of the arguments set forth in the Changs' opposition to Great American's motion for summary judgment, the Changs have also violated Civil Local Rule 7-9(c), which provides: "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Great American argues that the Changs' violation of Rule 7-9(c) warrants sanctions. The Court agrees, especially since the rule provides that "[a]ny party who violates this restriction shall be subject to appropriate sanctions." Civ. L.R. 7-9(c).

Even if Rule 7-9(c) did not expressly require sanctions, this is not the only time that the Changs have blatantly disregarded the Local Rules. As noted above, the Changs also violated Civil Local Rule 7-9(a) and 7-9(b) in connection with this motion. Additionally, they violated Civil Local Rule 7-3(a) when they filed

5

a surreply brief in connection with Great American's motion for summary judgment without first seeking leave of the Court. SJ Order at 3 n.1. Judge Beeler, who was previously assigned to this case, also noted that the Changs failed to comply with several local rules when they filed a motion to dismiss on May 16, 2012. ECF No. 14.

While the Changs' violations are numerous, they are not altogether serious. Accordingly, the Court limits the sanction award to $500.

## IV. CONCLUSION

For the foregoing reasons, the Changs' motion for reconsideration is DENIED. The Court awards Great American sanctions in the amount of $500. The Changs' counsel alone is responsible for paying these sanctions.

IT IS SO ORDERED.

Dated: July 31, 2013

_____
UNITED STATES DISTRICT JUDGE