United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL CHANG, d/b/a SUNRISE CLEANERS, INC, and ROXANNE CHANG, an individual,<br><br>　　　　Defendants. | Case No. 12-0833-SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT |

## I. **INTRODUCTION**

Now before the Court is Plaintiffs Great American Insurance Company and Great American Insurance Company of New York's (collectively, "Great American") motion for summary judgment. ECF No. 81 ("MSJ"). Defendants Michael and Roxanne Chang (collectively, "the Changs") have opposed the motion, and Great American has filed a reply in support of the motion. ECF Nos. 82 ("Opp'n"), 83 ("Reply"). The Court finds this matter appropriate for resolution without oral argument per Civil Local Rule 7-1(b).

For the reasons set forth below, Great American's motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

The Court has already recounted most of the relevant facts in a number of prior orders, including a June 19, 2013 Order granting Great American's prior motion for partial summary judgment. ECF No. 77 ("June 19 Order"). In short, this case involves an insurance coverage dispute arising from underlying state court actions and government orders concerning the alleged contamination of a San Mateo, California property owned by Michael Chang. The Changs operated a dry cleaner business on the property from 1977 through 1981. Great American issued third-party liability insurance to Michael Chang for policy periods running from 1977 through 1983.

Several years after the Great American policies expired, the Changs leased the property to Bilal Kartal ("Kartal"), who opened an Italian restaurant on the premises. In 2006, Kartal brought a nuisance action against the Changs in connection with an alleged solvent leak on the property (hereinafter, the "Kartal Action"). In the Kartal action, the Changs filed cross-complaints against various third parties who operated dry cleaners on the property before and after the Changs. These third parties have also filed cross-complaints against the Changs.

In 2009, Great American agreed to defend the Changs against the cross-complaints filed against them in the Kartal Action. Great American's agreement was subject to a complete reservation of rights, including a reservation of the right to seek reimbursement

2

of any claimed defense expense or other amounts Great American advanced.  Subject to its reservation of rights, Great American paid a total of $692,416.13 for attorneys' fees, costs, and other expenses claimed by the Changs with respect to the Kartal Action. In connection with the Kartal Action, Great American has also advanced the Changs $121,259.06 related to site investigation on the property, also subject to a full reservation of rights.

Sometime after the Kartal Action was filed, the Changs applied to the California Regional Water Quality Control Board (the "Board") for funding from the Underground Tank Storage Fund ("Tank Fund") for pollution clean-up on the property.  After the Board denied the Changs' application, the Changs asked Great American to pay certain legal fees and costs incurred in challenging the decision.  Great American agreed to advance costs subject to a complete reservation of rights, including the right to seek reimbursement of amounts paid.  Subject to its reservation of rights, Great American has paid a total of $70,426.59 for attorneys' fees, costs, and other expenses claimed by the Changs with respect to the Tank Fund litigation.

The Changs have also sought coverage from other insurers in connection with this underlying litigation, including Fireman's Fund Insurance Company ("Fireman's Fund") and Farmers Insurance Company ("Farmers").  Fireman's Fund has agreed to provide coverage in connection with the Tank fund Litigation, subject to a full reservation of rights.  Farmers has agreed to provide coverage with

///
///
///

3

respect to the Kartal Action, also subject to a full reservation of rights.[1]

Great American brought this action against the Changs in February 2012.  Great American's amended complaint asserts nine causes of action for, inter alia, declaratory relief, reimbursement of money paid, and breach of contract.  Great American essentially seeks (1) a declaration that it does not owe the Changs a duty to defend or indemnify them as to the Kartal Action, the Tank Fund litigation, or clean-up on the property; and (2) reimbursement of the amounts that it has paid on behalf of the Changs in connection with contamination on the property.

The first issue was settled by the Court's June 19, 2013 Order granting Great American's motion for partial summary judgment.  In that order, the Court found that Great American had no duty to defend or indemnify the Changs as to the Tank Fund litigation or the complaint and cross-complaints filed in the Kartal Action.[2] June 19 Order at 23.

Great American now moves for summary judgment on the second issue, arguing that it is entitled to reimbursement from the Changs of $884,101.59, the total amount Great American advanced to the Changs in connection with the Kartal Action, the Tank Fund litigation, and site investigation on the property.  Great American also seeks prejudgment interest.

---

[1] The Changs' opposition brief indicates that the Changs brought a coverage action against Farmers in San Mateo Superior Court.

[2] The Changs filed a counterclaim against Great American for breach of contract and breach of the covenant of good faith and fair dealing.  The Court found, as a matter of law, that the Changs could not prevail on these claims because they were not entitled to coverage under the Great American policies.  June 19 Order at 23.

4

## III. LEGAL STANDARD

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Thus, "Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

## IV. DISCUSSION

### A. Amounts Advanced by Great American

The Changs do not dispute that Great American advanced $884,101.59 in costs in connection with the Kartal Action, the Tank Fund litigation, and site investigation on the property. However, they argue that the Court should deny Great American's motion because: (1) the Changs are entitled to coverage under the Great American policy, (2) the Great American policy does not include express language permitting reimbursement from the insured, (3) Great American must seek reimbursement from the Changs' other insurers before seeking reimbursement from the Changs.

5

The Changs' first argument -- that they are entitled to coverage under the Great American policies -- was addressed and rejected in the Court's June 19 Order granting Great American's prior motion for partial summary judgment. The Changs have already moved for reconsideration of the June 19 Order. ECF No. 77. That motion was denied. ECF No. 80. The Court declines to revisit the issue now, especially since the Changs do not raise any new facts or legal authority.

The Changs' second argument -- that the Great American policy does not provide for reimbursement from the insured -- is also unavailing. The California Supreme Court addressed this issue in Buss v. Superior Court, 16 Cal. 4th 35 (Cal. 1997). In Buss, the court held that an insurer may seek reimbursement for defense costs that are not even potentially covered under the insured's policy. 16 Cal. 4th at 50. The court also held that the insurer's right to reimbursement is "is implied in law as quasi-contractual, whether or not it has one that is implied in fact in the policy as contractual." Id. at 51. Thus, an insurer has a right to seek reimbursement as to claims that are not even potentially covered under the insurance policy, regardless of whether the insurance contract expressly provides for reimbursement.

The Changs' third argument is that Great American should seek reimbursement from the Changs' other insurers -- Farmers and Fireman's Fund -- before seeking reimbursement from the Changs. The Changs have offered no authority to support this proposition. Moreover, Farmers and Fireman's Fund have already reserved their rights under the Changs' policies, and it is unclear whether these insurers are required to provide coverage for the costs that have

6

already been advanced by Great American.  Great American should not have to seek reimbursement from third-party insurers, and potentially file another coverage action against those insurers, to recover costs that it advanced to the Changs.  This reasoning is consistent with another decision rendered by the Court.  See <u>Burlington Ins. Co. v. Alan</u>, No. C 12-03372 SI, 2013 U.S. Dist. Lexis 31051, at *7 (N.D. Cal. March 5, 2013) (expressing skepticism of insured's argument that "contribution from a co-insurer, not reimbursement from its insured, is the correct vehicle by which Burlington should seek recovery of costs incurred in defending Alan.").[3]

In sum, the Court finds that Great American is entitled to reimbursement from the Changs for the $884,101.59 in costs advanced in connection with the underlying litigation and clean-up on the property.

**B.   Prejudgment Interest**

Great American also seeks prejudgment interest.  California Civil Code 3287(a) provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day."  "While a factual dispute respecting damages will

---

[3] The Changs also argue that the timing of the instant motion constitutes a violation of the Great American insurance policy, as well as a breach of the covenant of good faith and fair dealing. They reason that the trials in the <u>Kartal</u> Acton and the Changs' coverage action against Farmers are set to commence in October and November 2013, respectively, and that an adverse judgment in this case will prejudice the Changs' prosecution of those trials.  This argument is unpersuasive.  The pertinent question is whether Great American is entitled to reimbursement, not what impact reimbursement will have on the Changs.

7

preclude a grant of prejudgment interest under § 3287(a), a legal dispute will not." Highlands Ins. Co. v. Cont'l Cas. Co., 64 F.3d 514, 521 (9th Cir. 1995).  "California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages becomes certain or capable of being made certain, not the time liability to pay those amounts is determined." Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 921 (9th Cir. 2009).

Here, there is no factual dispute about the amount of damages. The Changs do not contest that Great American advanced $884,101.59 in connection with the underlying litigation and clean-up on the property.  Moreover, the vesting requirement is satisfied because the amount of damages became certain at the time Great American advanced the sums to the Changs.  However, Great American has yet to specify exactly when the funds were advanced.  The exhibits referenced in Great American's motion for summary judgment indicate that the $884,101.59 was distributed over a number of years.

Accordingly, Great American's request for prejudgment interest is DENIED without prejudice, pending supplemental briefing on when Great American's right to damages vested.

## V. **CONCLUSION**

For the foregoing reasons, Great American's motion for summary judgment is GRANTED in part and DENIED in part.  The Court finds that Great American is entitled to reimbursement from the Changs in the amount of $884,101.59.  Great American's request for prejudgment interest is denied pending supplemental briefing. Great American shall file supplemental briefing on this issue

1  within seven (7) days of the signature date of this Order.  The
2  Court also grants the Changs seven (7) days to respond to Great
3  American's supplemental briefing.  The jury trial set for December
4  9, 2013 is hereby VACATED.

    IT IS SO ORDERED.

    November 6, 2013                

                                    UNITED STATES DISTRICT JUDGE