IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE CO., and GREAT AMERICAN INSURANCE CO. OF NEW YORK,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL CHANG and ROXANNE CHANG,<br><br>    Defendants. | Case No. 12-cv-00833-SC<br><br>ORDER ON MOTION FOR INDICATIVE RULING |

I.  **INTRODUCTION**

Now before the Court is plaintiffs Great American Insurance Company and Great American Insurance Company of New York's (collectively "Great American") motion for an indicative ruling on a motion to enforce the parties' settlement agreement. The motion is fully briefed[1] and suitable for decision without oral argument, per Civil Local Rule 7-1(b). For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

---

[1] ECF Nos. 99 ("Mot."), 107 ("Opp'n"), 109 ("Reply").

Defendants' opposition to the motion was due on May 13. On May 14, Plaintiffs filed a notice of Defendants' failure to respond to the motion. ECF No. 106. Defendants filed their opposition a week later, on May 21. Defendants give no explanation for their tardiness. They had two weeks from the date the motion was filed to respond. Plaintiffs filed their notice only a day after that deadline passed, but Defendants still took another week to file their opposition. Even with the extra time, Defendants filed only a short document explaining that they attached, as their opposition to Plaintiffs' motion, an opposition to a motion to enforce the same settlement in a related case in San Mateo Superior Court. The Changs have previously violated the Civil Local Rules. On that occasion, the Court instructed the Changs to comply with the Civil Local Rules and warned that future violations might carry consequences. ECF No. 77 ("SJ Order") at 2 n.1. Accordingly, the Court will disregard Defendants' opposition and treat Plaintiffs' motion as unopposed.

The Changs have also filed a document purporting to be a sur-reply. ECF No. 112. Their filing does not specify any reason that a sur-reply is necessary or appropriate. Once more, the Changs merely attach a sur-reply they filed in the proceedings before the Superior Court. The Court again directs the Changs to the Civil Local Rules, which prohibit additional filings after a reply has been filed without Court approval (there are narrow exceptions that do not apply here). Civ. L. R. 7-3(d). Great American has objected to the filing and moved to strike it. If the Changs believed a sur-reply was necessary, they should have moved for the Court's leave to file one and stated the reasons for it. They did

2

not do so.  Thus the Court SUSTAINS Great American's objection and STRIKES the sur-reply.

The Court notes, however, that if it were to consider the sur-reply, it would not alter the Court's decision.  Indeed, the Changs' notice of their sur-reply asks the Court to postpone ruling on Great American's motion pending resolution of a motion to enforce the same settlement agreement in San Mateo County Superior Court.  The Changs argue that the state court's ruling would "presumably have a controlling effect on Great American's motion." Id.  Great American has submitted and requested judicial notice of the minute orders on the motion to enforce the settlement in San Mateo County Superior Court.  ECF No. 116.  The Court GRANTS Great American's request, as the facts for which it requests judicial notice can be readily determined from sources whose accuracy cannot reasonably be questioned.  Additionally, courts may take judicial notice of matters of record in related court proceedings.  See, e.g., Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).  Thus the Court takes judicial notice of the fact that the motion to enforce the settlement in San Mateo Superior Court has been granted.  If, as the Changs argue, that ruling has controlling effect, then Great American's motion should be granted in this Court as well.

**II. BACKGROUND**

This case involves an insurance coverage dispute.  Great American sued for a declaration that they do not owe a duty to defend or indemnify defendants Michael and Roxanne Chang (collectively the "Changs") in underlying state court actions

3

regarding the contamination of the Changs' property. SJ Order at 1-2. One year ago, the Court granted partial summary judgment in favor Great American. SJ Order. The Court entered judgment against the Changs and in favor of Great American on December 13, 2013. ECF No. 91. The Changs filed a notice of appeal from the judgment, ECF No. 92, but simultaneously pursued settlement discussions in this action as well as in two other lawsuits: the underlying lawsuit (Kartal v. Chang, San Mateo County Superior Court Case No. CIV 458146) and insurance coverage litigation against Farmers Insurance Exchange and Truck Insurance Exchange (collectively "Farmers") (Chang v. Farmers Insurance Exchange, San Mateo County Superior Court Case No. CIV 489065). Mot. at 3.

In January 2014, the San Mateo County Superior Court held a status conference jointly for the Kartal and Farmers cases. In attendance were Michael Chang, the other parties to the Kartal case, Farmers, and Great American. ECF Nos. 102 ("Scher Decl.") ¶¶ 5-7; 100 ("Baron Decl.") ¶¶ 4-5. Counsel for Fireman's Fund Insurance Company ("Fireman's Fund") participated by telephone. ECF No. 104 ("Plevin Decl.") ¶¶ 6-8. At the settlement conference, the Changs, Great American, Farmers, and Fireman's Fund agreed to a settlement that resolved all claims between the Changs and Great American in this case and the pending appeal. Baron Decl. ¶¶ 6-7; Scher Decl. ¶¶ 5-9; ECF No. 103 ("Schwartz Decl.") ¶¶ 8-9. On January 27, Mr. Chang appeared in the Kartal case before the San Mateo County Superior Court. He was sworn as a witness and testified that he had agreed to the basic terms of the settlement and had no questions about it. ECF No. 105 ("RJN I") Ex. 1 at
///

4

6:22-7:12.[2]  The parties agreed that the settlement terms would be expressed in a written document, which would be drafted initially by Great American's counsel. The Changs' counsel hoped the settlement document could be formalized quickly because the Changs needed it to obtain a refinancing loan.  Baron Decl. ¶¶ 9-10, Scher Decl. ¶¶ 11-12; Schwartz Decl. ¶¶ 10-11.

On January 31, Great American's counsel sent a draft settlement document to counsel for the Changs, Farmers, and Fireman's Fund.  Baron Decl. Exs. 2-3.  On February 4, 2014, the Changs' counsel returned a copy of the signature page signed by both Michael and Roxanne Chang.  Baron Decl. Exs. 4-5.  The Changs' counsel followed up with another email on February 12 stating that, with regard to the <u>Farmers</u> and <u>Great American</u> cases, "The facts are simple.  We met and agreed and settled on January 27, 2014 . . . ."  Baron Decl. Ex. 6.  Great American, Farmers, and Fireman's Fund have all executed the same settlement document signed by the Changs.  Baron Decl. Ex. 7.  The version of the document executed by the parties contained blank spaces for certain details (such as the policy numbers of the insurance policies at issue).  Baron Decl. Exs. 5, 7.  The parties also agreed to make certain changes to the wording of the settlement agreement, which were proposed by the Changs' attorney.  Baron Decl. ¶ 16.  Subsequently, the special master overseeing the settlement negotiations in San Mateo County Superior Court informed counsel for Great American that the Changs stated that they do not agree to the January 27 settlement and that

---

[2] The Court GRANTS Great American's request for judicial notice with respect to Exhibit 1 of its request for judicial notice in support of its motion, ECF No. 105.

5

they refused to sign the finalized document.  Id. ¶ 17.

### III.  LEGAL STANDARD

Great American, recognizing that the Court may lack jurisdiction to enforce the settlement while the Changs' appeal is pending, moves for an indicative ruling under Federal Rule of Civil Procedure 62.1.  Under Rule 62.1, when a timely motion for relief is made but the court lacks authority to grant it because an appeal is pending, the court may do one of three things: (1) defer consideration of the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals were to remand for that purpose or that the motion raises substantial issues.  Great American requests that the Court state that it would grant a motion to enforce the settlement, were the Ninth Circuit to remand for that purpose.

### IV.  DISCUSSION

"[I]t is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it."  In re Suchy, 786 F.2d 900, 903 (9th Cir. 1985).  A district court may enforce a settlement to which the parties have agreed, if one of them "later refuse[s] to execute a formal agreement to dismiss the action and failed to file a timely response to defendant's motion to enforce the settlement agreement."  Henderson v. Yard House Glendale, LLC, 456 F. App'x 701, 702 (9th Cir. 2011).  That is precisely the situation we face here.  The Changs agreed -- both of them by signing the draft settlement, and Michael also by testifying in open court -- to the

6

material terms of the settlement, but they now refuse to execute the final document. They have also failed to file a timely response to the motion to enforce the settlement. The Changs do not dispute their assent to the settlement terms, nor do they provide any reason that the Court should disregard it. The San Mateo Superior Court, which they argue controls enforcement of the settlement, has also decided to enforce it. Because indicating its willingness to enforce the settlement may help the Ninth Circuit to streamline, or perhaps dismiss entirely, the Changs' appeal, the Court finds it appropriate to issue an indicative ruling.

## V. CONCLUSION

For the reasons set forth above, Defendant Great American's motion for an indicative ruling is GRANTED. If the Court of Appeals were to remand this case for consideration of enforcement of the settlement, the Court would enforce the settlement to which the parties have agreed.

IT IS SO ORDERED.

Dated: July 1, 2014

_____

UNITED STATES DISTRICT JUDGE